REQUESTED BY: Gregory G. Jensen, Valley County Attorney.
1. Is the levying board of a county either permitted or required to levy a tax which is certified to it by the governing body of a political subdivision after September 1 of the taxing year?
2. If a technical community college on or before August 25 of the tax year certifies a mill levy to the county boards of the area and subsequently after September 1 recertifies a lower levy, must the county board meet and set the technical community college levy at the lower amount?
3. If action has finally been taken by one county within a technical community college area establishing the mill levy originally certified, does that preclude any other county within the technical community college area from establishing a different levy?
1. There is authority to change the tax list if the change is completed before the tax list is completed and delivered to the county treasurer.
2. Yes. Unless the tax list has been certified to the treasurer of any area county.
3. Yes. Section 79-2650, R.S.Supp., 1979, requires the mill levy for technical community colleges to be uniform within the area.
 I.
In your first question you ask whether or not a county board is either permitted or required to change the amount of taxes levied after September 1. Under section 77-1601, R.R.S. 1943, county boards of equalization are authorized to correct the tax list if the correction is completed before the tax list is finished and delivered to the county treasurer. Thus, under this statute the power of the county board is not exhausted by the making of the original levy. Some authority still remains with the county board to make levies omitted from the original levy. It probably also retains the authority to correct erroneous levies if done promptly.
In the case of State ex rel. School District of theCity of Grand Island v. Board of Equalization of HallCounty, 166 Neb. 785, 90 N.W.2d 421 (1958), the county board had made a levy for a school district on August 21. It reconvened on September 3 of the same year and reduced the levy. While the court did not reach the issue of whether or not the board lacked jurisdiction to take the action of September 3, it would seem arguable, at least, that some jurisdiction must have existed. However, that was a mandamus case in which the school board was attempting to do something it clearly was not authorized to do with respect to the transfer of money from the general fund of the school district to a building fund. Nonetheless, there is some support in this case for the belief that the county board has some discretion after the September 1 date. Particularly in light of the provisions of section 77-1601 referred to above.
 II.
While the county board has the authority referred to, our Supreme Court has in State ex rel. Long v. Barstler,122 Neb. 167, 240 N.W. 273 (1931), held that a mandamus action to compel the correction of the levy that was not commenced until after the completion and delivery of the tax list could not be maintained since no authority existed after that date.
There was a discussion in Barstler, supra, concerning disorder and confusion which might arise as a result of changes requested in tax levies. The court was concerned about the rights and liabilities of taxpayers who have already paid their taxes. The court indicated that in the exercise of judicial discretion a court could deny the issuance of a writ of mandamus to correct the tax levy where a mistake causes too high a levy and the amount involved is small in comparison with the cost of reworking the tax list. You have indicated to us that the factual situation with respect to Valley County is that the reduction sought by the technical community colleges in your area is .02 mill; that this reduction throughout the entire 25 county area would result in a $56,000 reduction and that in your county the .02 of a mill would raise approximately $1,100. You have also advised that the work to make the correction in Valley County would cost in excess of the $1,100 to be raised by the tax levy. However, the technical community college board sets the levy. It has area-wide effect. This is unlike other governing bodies which certify the amount of money to be raised. The county acts ministerially in this instance. We hesitate to state that a county has no discretion, but it is more limited here than in other areas.
 III.
You further advise us that in Valley County the tax list had been completed and delivered to the county treasurer prior to the receipt of the recertification from the technical community college area. As discussed above, your county no longer had any authority to correct errors in the tax list under section 77-1601. Our research has disclosed no statute under which authority exists for a county board to change the mill levy after the certification of the tax list. Thus Valley County could not change the levy to reflect the recertification.
Your further question is if that is the case, are all other counties within the technical community college area also barred from reducing the levy from that originally sought to the corrected levy now certified by the technical community college board. Section 79-2650, R.S.Supp., 1979, provides in part:
 "(1) On or before September 1 of each year, the board may certify to the county board of equalization of each county within the area a mill levy of not to exceed two mills, uniform throughout such area, for the purpose of supporting operating expenditures of the technical community college area."
We believe that the language utilized in this section as to the uniformity of the mill levy throughout the area would preclude a change by any other county in the mill levy certified to them. Thus the originally-certified mill levy of the technical community college would be the appropriate mill levy where any one county had already completed and delivered its tax list to the county treasurer.